CHAMPION AMUSEMENTS COMPANY, Plaintiff-Appellee, v. BREHM et, Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4254. Decided November 4, 1949.

Rodney B. Baldwin, Columbus, for plaintiff-appellee.
Henry A. Reinhard, A. W. Geissinger, Columbus, for defendants-appellants.

### OPINION

By HORNBECK, J.

The appeal is on questions of law and fact from a decree of specific performance of a contract by which defendants were required to execute a deed to plaintiff for certain real estate described in a lease in which the defendants were the

lessors and the plaintiff held the status of lessee by assignment.

The lease is set up in its entirety in the agreed statement of facts but the controversy arises upon the 10th paragraph of the lease, and particularly (b) thereof. Paragraph 10 provides:

"The Lessors do herewith acknowledge and confirm that immediately preceding the execution of this lease in accordance with the terms of an agreement entered into in writing, between the parties, the Lessors have purchased twenty-four (24) acres of the within demised premises from the Central Savings & Loan Society of Columbus, Ohio, for a consideration of Seven thousand three hundred and fifty ($7,350.00) dollars, part of which consideration had been paid in cash and part by the execution and the delivery of a note and purchase money mortgage, providing for payments of principal and interest in specified amounts. The Lessors do herewith agree to and with the Lessee that at any time during the first five (5) years of the duration of this lease, the Lessee shall have the right, privilege, and option of purchasing all of the demised premises in the within lease, namely, thirty-two (32) acres, for a total consideration of Twenty-thousand ($20,-000.00) dollars. In the event the Lessee shall within said term exercise the purchase option, the Lessors shall credit the Lessee toward the purchase price, the following:—

(a) The sum of Two thousand seven hundred ($2,700.00) dollars that has been paid as an advance rental intended to be applied as a credit for the rental period commencing July 1, 1951.

(b) All sums that have been paid by the Lessors as principal payments towards the note and purchase money mortgage held by the Central Savings & Loan Society for the purchase of the twenty-four (24) of the thirty-two (32) acres herewith demised."

It is the claim of the appellee that it is entitled to a credit upon the purchase price of the full amount paid by the lessors on the principal sum due on the note and mortgage held by the Central Savings & Loan Society, as of the date of the election to purchase. It is the contention of appellants that the appellee is entitled to credit only for sums due and payable on the principal of said note at the time when the election was made on the option to purchase. The appellee tendered the sum of $10,800.00 which, together with the $2,700.00, credited under (a) paragraph 10 of the lease, and $6,500.00, the full amount of the principal due on the

Central Savings & Loan Society note, which sum had been paid in full, totaled the full purchase price of $20,000.00 provided by the lease.

Counsel for appellants insist that (b) of paragraph 10 of the lease is ambiguous. Appellee insists that its language is plain and distinct and it is agreed that if the court holds that the contract requires no further interpretation than is to be made from the language of the lease, this court would be required to reach the same conclusion as the Common Pleas Court. If, on the other hand, we determine that the language of the lease is ambiguous, then the cause will be continued to give counsel for the appellants the opportunity to produce testimony, the purpose of which is to clarify the language of the lease, particularly (b) paragraph 10.

We have carefully examined this lease in its entirety, with particular attention to paragraph 10. We find no ambiguity whatever in (b) of paragraph 10, in itself or in connection with any other part of the lease. The purpose of (b) was to define a credit upon the purchase price that was to be allowed the lessee if it elected to make the purchase. Paragraph (a), it is admitted, is definite in the amount of $2,700.00 and paragraph (b) was intended to define a further credit. It says, "All sums that have been paid" (that is to say, that have been paid if the lessee elected to purchase during the first five years of the life of the lease, "towards the note") i.e., on the note, "held by the Central Savings and Loan Society". If the note had not required the lessors to make full payment of the principal thereof up to the time that the option was exercised and such payment had not been made, manifestly, the lessee could not have claimed anything in excess of the payments due and made. But, if lessors chose to pay the note in full, then it was a sum paid on the principal "toward the note" and comes within the express language of the contract.

We can find no ambiguity whatever in the language employed in (b). If it is a harsh provision, it is so because the parties by their own language have defined their respective obligations and benefits.

Being of opinion that the contract requires no evidence independent of the written instrument to enable the court to make proper construction of the language employed and its meaning being clear, we are required to hold that the plaintiff is entitled to the relief sought and it will be so ordered.

MILLER, PJ, and WISEMAN, J, concur.